Chables Lambíase, J.
This is an application by the above-named petitioner, Elaine Vanderbrook, for an order reinstating her <£ to her position with the Board of Education of the Rochester School District, at a pay rate and in a job classification similar to the one from which she has been dismissed and for back pay from the date of her dismissal to the date of her reinstatement and for such other and further relief as to the 'Court may seem just and proper.”
Petitioner was first employed as a typist by respondent Board of Education on July 16, 1959. Her classification was A-III-II. She had a permanent appointment in the competitive class of the classified service. Her initial assignment was as typist in the teachers payroll department. Thereafter and on December 11, 1961 because of her alleged unsatisfactory work, she was transferred to and thereafter worked in the storehouse of respondent Board of Education in salary classification A-XII-4.
By letter dated September 28, 1962, purportedly signed by one Mrs. Dorothy T. Hanna, on behalf of respondent Board of Education, petitioner was advised in the following language that she was being dismissed from her employment: “I have notified the Payroll office that your last day of work is October 5 and that the paid vacation time you have coming would make your resignation date October 13. Will you please sign the two blanks I gave you and return them as soon as convenient. ” She worked up to and including October 5, 1962 and was paid up to October 10, 1962, having been paid five days’ vacation allowance. If the blanks to which reference is made in the foregoing quote concerned the suggested resignation by petitioner, concededly such resignation was never executed and delivered by petitioner. Approximately two months later in December of 1962, the exact date being in dispute (Dec. 4, 1962 according to petitioner, and Dec. 11, 1962 according to respondent Board of Education), a notice of claim was served on one of the members of the respondent Board of Education. On January 16, 1963 this proceeding was commenced.
Petitioner contends that she is classified as a typist by the respondent Board of Education. She maintains that — assuming arguendo and for that purpose only and without conceding the same — the position in the storehouse has been abolished, she cannot be thus summarily dismissed, being thus classified.
*83 Respondent Board of Education takes the position that petitioner’s job in the storehouse had been especially created for petitioner, and that it has now been abolished pursuant to section 80 of the Civil Service Law; that the storehouse position had been created when petitioner’s previous work area (teachers payroll) was reduced by one position in December of 1961; that petitioner’s rights are covered under subdivision 5 of section 2566 of the Education Law and not by subdivision 3 of section 75 of the Civil Service Law; that petitioner has been guilty of laches in bringing this proceeding; and further that if petitioner is reinstated, she is not entitled to her full back pay unless she shows that she had not received earnings or income during the period after her discharge.
Section 80 of the Civil Service Law provides, among other things: ‘6 Where, because of economy, consolidation or abolition of functions, curtailment of activities or otherwise, positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion, as the case may be, among incumbents holding the same or similar positions shall be made in the inverse order of original appointment on a permanent basis in the competitive class In this case, there is nothing before us to indicate that there was a job classification of ‘1 storehouse typist ’ ’ or of a similar classification. On respondents’ own records, she is listed as a typist, whose work as such was performed in the storehouse. In such case, petitioner could not be dismissed summarily. (See Albert v. Board of Educ., 264 N. Y. 613.)
Section 2566 of the Education Law relates to the powers and duties of the Superintendent of Schools. Under subdivision 5, the Superintendent is given the power to suspend an employee until the next regular meeting of the school board, when the facts relating to the case shall be submitted to the board for its consideration and action. The respondents contend that this section authorized the action taken with regard to petitioner. A complete answer to that argument is that the petitioner was not suspended, nor has it been made to appear that her case was ever submitted to the school board. Thus, the action taken against the petitioner seemingly is in violation of said section.
Section 75 of the Civil Service Law provides that a person holding a position by permanent appointment in the competitive class of the classified civil service shall not be removed except for incompetency or misconduct shown after a hearing upon stated charges. Clearly and concededly, petitioner held her position by appointment in the competitive class of the classified civil service as shown by the records submitted by the respond- *84 exits. The letter before us dated November 26, 1962 from the Civil Service Commission indicates such to be the case. Therefore, respondents appear to have failed to follow such procedure, in violation of said section.
As to respondents’ final argument of laches: Section 3813 of the Education Law is to the effect that no special proceeding against the school district can be maintained unless a written verified claim was presented to the governing body of said district within three months after the accrual of such claim, and that no adjustment or payment was made within 30 days after such presentment. The record here indicates that approximately two months after she was dropped from employment, petitioner presented a claim, which was not adjusted or paid within 30 days of its presentment. We are of the opinion that petitioner has met the requirements of said section, and that no laches on her part has been shown.
Petitioner’s motion must be and hereby is granted; and if the parties cannot agree upon an amount which will compensate petitioner for the time lost from her employment, a further hearing will be scheduled so that evidence may be adduced upon this issue to the end that a determination thereof may be had.